536 So.2d 569 (1988)
Mary JETSON
v.
CNA INSURANCE COMPANIES.
No. CA 87 1232.
Court of Appeal of Louisiana, First Circuit.
November 22, 1988.
Writ Denied January 27, 1989.
Keith D. Jones, Baton Rouge, for plaintiff-appellee, Mary M. Jetson.
Paul H. Spaht, Baton Rouge, for defendant-appellant, Continental Assur. Co. designated as CNA Ins. Companies.
Before WATKINS, CRAIN and LeBLANC, JJ.
*570 CRAIN, Judge.
This is an appeal of a judgment finding that an insurer is obligated to pay life insurance benefits to the widow of a state legislator.

FACTS
Louis Jetson was elected to the House of Representatives in November, 1983. In December, 1983, he learned that he was suffering from leukemia. On March 12, 1984, he took office as a legislator and completed a State Employees Group Benefits enrollment document. He spent the first nine days of March, 1984, in the hospital but was released prior to being sworn in on March 12, 1984. He re-entered the hospital on March 14 and remained in a hospital until his death on May 25, 1984.
The defendant argued that Louis Jetson was not a "full-time employee" for insurance coverage or that insurance coverage was deferred until he returned to full-time employment after his illness, citing provisions of the insurance policy.
The trial court found that Louis Jetson qualified for life insurance coverage and that the defendant was obligated to pay life insurance benefits to his widow, Mary Jetson.
The issues for review are what are the effects of an hourly work requirement and deferral provisions on coverage offered to a legislator.

HOURLY WORK WEEK REQUIREMENT
The policy provided to state employees as amended by a 1979 rider states in part: "`Active full-time employee', as used herein, means an employee working not less than 30 hours per week ..." The appellant argues that Louis Jetson did not work a minimum 30 hours per week and therefore did not qualify for coverage. The appellant requests that we determine and establish hourly and task requirements and qualifications that a legislator must fulfill to qualify as a full-time legislator.
The trial court found that the policy provisions establishing hourly work requirements were written prior to the inclusion of coverage for legislators and are ambiguous as to whether they apply to a legislator.
We agree with the trial court. Legislators were included in the policy coverage by a 1979 rider which has no other provisions for the inclusion of legislators. With respect to employees of the Louisiana State University System the 1979 rider defined a "full-time employee" as, inter alia:
Any employee whose appointment is for a period of 180 calendar days or more, or... Any academic employee appointed for one semester.
As noted by the trial judge, if that employee is a "full-time employee" by virtue of their appointment for 180 calendar day period, then a legislator should be a "full time employee" by virtue of their election for a 4 year term. A legislator's duties are not limited to nine to five hours. A legislator is a "full-time" legislator once elected and sworn in, and as such, is included in the group insurance policy as a covered employee.

DEFERRAL PROVISION
The appellant next argues that the deferral provision of the policy excludes Louis Jetson from coverage. The deferral provision provides: "(i)f an employee is absent from active full-time work on account of accidental bodily injury or sickness when his insurance would otherwise take effect, it shall take effect on the date he returns to active full-time work."
The appellant argues that Louis Jetson was absent from work the date the insurance became effective, May 1, 1984, and never returned to active full-time employment. The trial court found that this provision did not apply to legislators. Since there is no relation between the hours-per-week worked and the classification of a legislator as a "full-time employee" for insurance coverage purposes, a similar work-related requirement in the deferral provision is also inapplicable. However, even if applicable there is no showing that Jetson was absent from full-time work when the insurance became effective due to the nature of a legislator's duties.
*571 The appellant cites Credeur v. Continental Assurance Company, 502 So.2d 214 (La.App. 3rd Cir.), writ denied, 503 So.2d 493 (La.1987), as being contrary to the trial court's holding. Credeur is distinguishable from the present situation because it dealt with an employee whose status as a "full-time employee" for insurance coverage purposes was determined by an hours-worked per week examination.
The decision of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.